UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HODA SAMUEL,<br><br>Defendant. | No. 2:15-mc-16-JAM-KJN<br><br>No. 2:15-mc-17-JAM-KJN<br><br>No. 2:15-mc-99-JAM-KJN<br><br><br>FINDINGS AND RECOMMENDATIONS |

On December 3, 2018, the United States filed a "Notification of Resolution of Defendant's Bankruptcy Case and Request for Findings and Recommendations for the Three Garnishment Cases Referenced Above." (ECF No. 46.)[1] On December 19, 2018, the United States also submitted proposed findings and recommendations for the court's consideration.

---

[1] These findings and recommendations are cross-docketed in all three related garnishment actions in the caption above. For simplicity, the court refers to the ECF numbers in Case No. 2:15-mc-16-JAM-KJN only throughout the findings and recommendations. All references to defendant's underlying criminal case, Case No. 2:10-cr-223-JAM, are referred to by a designated CR ECF No.

1

(ECF No. 50.)[2] After considering the United States' request and the record in this action, the court recommends that the requested relief be GRANTED.[3]

BACKGROUND

On January 22, 2013, a jury convicted defendant of multiple counts of mail fraud, as well as one count of conspiracy to commit mail fraud and making false statements in mortgage applications. (Crim. ECF Nos. 315, 429.) On March 21, 2013, the court approved a stipulation for the entry of a personal forfeiture money judgment. (Crim. ECF No. 336.) After a sentencing hearing conducted on August 15, 2013, defendant was sentenced to imprisonment for a total term of 120 months, with restitution to be determined at a later hearing. (Crim. ECF Nos. 426, 429.) The August 20, 2013 judgment stated that "[t]he preliminary order for money judgment filed 3/21/2013 is hereby made final as to the defendant, and shall be incorporated into the judgment." (Crim. ECF No. 429.) Following a subsequent restitution hearing on June 27, 2014, an amended judgment was filed on July 3, 2014, and defendant was ordered to pay a $3,100.00 assessment; a $20,000.00 fine; and $3,029,412.64 in restitution, with payment to begin immediately. (Crim. ECF Nos. 595-97.) Defendant appealed to the Ninth Circuit, which ultimately affirmed. (See Ninth Circuit Case Nos. 13-10449, 14-10340.)

In an attempt to collect the restitution owed by defendant, the United States sought and obtained the writs of garnishment at issue in these actions. The writs involved accounts and other assets at the following garnishees:

////

---

[2] The court has carefully considered the proposed findings and recommendations, which have been incorporated in part, at times verbatim, into the court's own findings and recommendations. Nevertheless, the court's findings and recommendations are based on the court's own independent review of the record.

[3] Defendant has had numerous opportunities, both in the garnishment actions and in the bankruptcy proceedings, to oppose the United States' requested relief. In a sense, these findings and recommendations largely finalize and effectuate issues that had been extensively litigated previously in the garnishment actions and the bankruptcy case. As such, the court finds it unnecessary to require a formal response from defendant at this juncture. Nevertheless, the court grants defendant an extended time to file any objections to the findings and recommendations to provide defendant with a final opportunity to oppose any of the relief requested.

(1) Case No. 2:15-mc-16-JAM-KJN: Tri Counties Bank

(2) Case No. 2:15-mc-17-JAM-KJN: California Public Employees' Retirement System ("CalPERS")

(3) Case No. 2:15-mc-99-JAM-KJN: Raymond James Financial Services, Inc.

Those writs, and accompanying documentation and instructions, were served on defendant and her spouse, Aiad Samuel. The acknowledgements of service and answers by the garnishees were likewise served on defendant and her spouse. Defendant and her spouse were instructed regarding their right to file objections to the writs and answers by the garnishees, as well as any appropriate claims of exemption. Objections were ultimately filed as to each of the writs.

On February 17, 2016, the undersigned issued a comprehensive order resolving defendant's objections and granting garnishment of several of the accounts at issue. (See ECF No. 20.) That order's findings, reasoning, and conclusions are incorporated here by reference. In short, the court directed garnishment of the personal accounts at Tri Counties Bank, defendant's monthly disability retirement benefits at CalPERS, and the SEP IRA at Raymond James Financial Services, Inc. The court also permitted the United States to inspect a safety deposit box at Tri Counties Bank, and required the United States to file supplemental briefing with respect to the corporate accounts at Tri Counties Bank.

The United States enforced the garnishment order. Garnishees paid sums due, the United States inspected the safety deposit box, and ultimately abated its garnishment of defendant's corporate accounts at Tri-Counties Bank.

Defendant and her spouse, Aiad Samuel (collectively "the Samuels"), filed a voluntary Chapter 11 bankruptcy case on March 15, 2016. Case No. 16-21585-A-11. The bankruptcy court appointed a Chapter 11 trustee on May 10, 2016 to administer the estate. The United States thereafter obtained an order in this court staying the garnishment actions pending the outcome of the bankruptcy proceedings (ECF No. 35) and pursued judgment enforcement in the bankruptcy case. On September 12, 2016, the United States filed its $3,153,389.02 bankruptcy proof of claim, representing the criminal judgment balance and a $305,251.26 litigation surcharge.

////

According to the United States, for the past 30 months, the trustee has handled the bankruptcy estate, to include liquidating defendant's assets to pay her and her spouse's creditors. Through these efforts, overseen and approved by the bankruptcy court, creditors such as the United States (on behalf of defendant's criminal victims) will receive payment in full of their filed proofs of claim. The trustee's plan of liquidation, confirmed on September 27, 2018 (the "Plan"), incorporates a stipulation between the trustee and the United States that allows the United States' proof of claim under the Plan (the "Stipulation"). (See Exhibit A to the Declaration of Kurt A. Didier, ECF No. 46-1.) Pursuant to the Plan, a "Plan Administrator" is administering the remaining assets of the Samuels' bankruptcy estate.

The Stipulation, in summary, addresses the disposition of recovered monies for the judgment balance and litigation surcharge. The judgment balance was $812,652.39 at the time the signatories filed the Stipulation on August 24, 2018. (This balance included money recovered from the three garnishment cases.) Prior to the Stipulation, the United States had received a $950,000 recovery from the Chapter 11 trustee's sale of the Samuels' Rio Linda shopping center (held under the Samuels' wholly owned limited liability company, St. Mena and St. Marcorious, LLC). The district court clerk presently holds the $950,000. Application of the $950,000 recovery to the criminal judgment pursuant to the Plan and Stipulation yields a $137,347.61 surplus (aka an "overpayment" in the US Courts Case Inquiry Report), which the Stipulation signatories agree should be returned to the Plan Administrator as property of the Samuels' estate.[4] The United States agreed in the Stipulation to seek an order from the United States District Court authorizing the Clerk of Court to pay the $137,347.61 surplus to the Chapter 11 trustee/Plan Administrator.

Regarding the litigation surcharge, the bankruptcy court-approved Plan and Stipulation authorize a $284,813.77 surcharge payment to the United States. The United States already

---

[4] A continuing garnishment of Defendant's CalPERS retirement account (Case No. 2:15-mc-17) and Treasury Offset Program payments have increased the overpayment to $140,474.45. Hoda Samuel is the only defendant entitled to a refund of the overpayment; the United States has ceased collection activities against her joint and several co-defendants and, to its knowledge, the co-defendants will receive, or have already received, whatever refunds to which they are entitled.

4

received $150,000 of the surcharge award, paid also from the proceeds of the shopping center sale referenced above. The United States seeks district court approval for this surcharge award; more specifically, an order allowing the United States to retain the prior $150,000 surcharge payment and authorizing the trustee or Plan Administrator to pay the Department of Justice an additional $134,813.77 from funds reserved to resolve the United States' proof of claim.

With the bankruptcy case resolved, the United States filed the instant request for findings and recommendations to resolve all remaining matters in the district court garnishment actions.

DISCUSSION

The court addresses each portion of the United States' requested relief in turn.

Adoption of the February 17, 2016 Garnishment Order

The United States requests issuance of findings and recommendations to the assigned district judge that the undersigned's February 17, 2016 garnishment order be adopted as a final order of the court. For the reasons discussed in detail in the February 17, 2016 order, the undersigned so recommends, except as to the portions of the order concerning the corporate accounts at Tri Counties Bank, given that the United States has voluntarily abated its garnishment of those accounts.

Litigation Surcharge

As noted above, the United States further requests a litigation surcharge.

The United States filed the garnishment cases pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001, et seq. (the FDCPA). The FDCPA authorizes the court to award the United States a litigation surcharge in connection with the recovery of a debt. 28 U.S.C. § 3011(a). Defendant's criminal monetary penalties (the assessment, fine and restitution) all constitute "debt" as defined in 28 U.S.C. § 3002(3)(B). The debt recovery action must be one that arises under the FDCPA's subchapter B (pre-judgment remedies) or C (post-judgment remedies). 28 U.S.C. § 3011(a); United States v. Sackett, 114 F.3d 1050, 1053 (10th Cir. 1997). The government's garnishment actions here are qualifying post-judgment remedies under 28 U.S.C. § 3205. The recoverable surcharge amount is 10% of the debt sought to be collected unless, not applicable here, the United States receives attorney's fees or the law "pursuant to

5

which the action on the claim is based" provides otherwise. 28 U.S.C. § 3011(b).

In this case, each of the United States' three writs of garnishment sought recovery of the 10% litigation surcharge. However, the United States notes that it did not initially pursue the surcharge in its applications for final garnishment orders for several reasons. First, the judgment balance at the time was over $3,000,000 and the assets subject to garnishment were undervalued to realize the surcharge at the time of liquidation. Second, the United States knew additional enforcement was necessary before it could consider payment of a surcharge. Finally, the garnishment of the corporate bank accounts in Case No. 2:15-mc-00016 was continued and later stayed when the Samuels filed for bankruptcy protection, leaving open a surcharge award in that case. A surcharge award is proper now given that the criminal judgment is fully paid, funds are available to pay the surcharge, and the confirmed Chapter 11 plan in defendant's bankruptcy case approved a $284,813.77 surcharge payment to the United States.

Therefore, the court recommends that a $284,813.77 litigation surcharge payment to the United States be approved; more specifically, that the United States be permitted to retain the $150,000 payment it received in the bankruptcy case and receive an additional $134,813.77 from funds the Plan Administrator reserved to resolve the United States' proof of claim.

Disposition of Judgment Surplus

As stated above in footnote 4, there is a present judgment surplus of $140,474.45. The Stipulation between the Chapter 11 trustee and the United States, and the bankruptcy court-approved Plan, provide that $137,347.61 of the surplus (referenced therein as the "Restitution Surplus") shall be paid to the trustee or Plan Administrator. (ECF No. 46-1, Ex. A.) Normally, the Clerk of Court refunds a judgment surplus to the defendant who paid the overage. However, here the Samuels are still in a bankruptcy case administered by a Chapter 11 trustee/Plan Administrator. The Restitution Surplus, therefore, is property of the Samuels' bankruptcy case. 11 U.S.C. § 541(a). The Plan provides for allocation and disposition of the Restitution Surplus, including use thereof towards any remaining debtors' obligations such as fees, expenses, creditor claims, and thereafter, a possible surplus payment to the Samuels.

////

The United States thus requests an order allowing the Clerk of Court to pay the $137,347.61 Restitution Surplus to Scott M. Sackett, Plan Administrator.[5] The United States further requests an order authorizing the Clerk of Court to disburse monies already in the Clerk's possession to the restitution victims and Crime Victims Fund, as appropriate. Regarding the $3,126.84 judgment surplus residue remaining after the Clerk of Court pays the $137,347.61 Restitution Surplus to the Plan Administrator, the United States indicates that it has no objection to the Clerk disbursing that sum in accordance with applicable law, regulations, or procedures. Finding the United States' request to be reasonable and supported by the record, the court issues findings and recommendations for disposition of the judgment surplus consistent with that request.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The February 17, 2016 garnishment order (ECF No. 20), including its findings, reasoning, and conclusions, be adopted as a final order of the court, except as to the portions of the order concerning the corporate accounts at Tri Counties Bank, given that the United States has voluntarily abated its garnishment of those accounts.

2. The United States' request for a $284,813.77 litigation surcharge be approved, and the Chapter 11 trustee/Plan Administrator be directed to pay the United States Department of Justice the surcharge amount as provided in the Stipulation filed in Bankruptcy Case No. 16-21585-A-11 as Document No. 1187 and in this Miscellaneous Case No. 15-mc-16-JAM-KJN as ECF No. 46-1, with payment due within 30 days following the filing of any order adopting these findings and recommendations, if they are adopted.

3. The Clerk of Court be directed to pay to Scott M. Sackett, Plan Administrator, the $137,347.61 Restitution Surplus as defined in, and provided by, the Stipulation within 30 days following the filing of any order adopting the findings and recommendations,

---

[5] The United States submits that the court can order this payment without amending the criminal judgment as all of defendant's criminal monetary penalties have or will be satisfied in full via implementation of the Plan, Stipulation, and adoption of these findings and recommendations.

|   | if they are adopted. |
|---|---|
| 4. | The Clerk of Court be directed to disburse all remaining funds in the Clerk's possession according to the schedule of payments section of the defendant, Hoda Samuel's, amended criminal judgment, CR ECF No. 597, Case No. 2:10-cr-223-JAM, and be authorized to disburse any remaining surplus funds in accordance with applicable law, regulations, or procedures. |
| 5. | All pending writs of garnishment be terminated pursuant to 28 U.S.C. § 3205(c)(10)(C) within 30 days of any order adopting these findings and recommendations, if they are adopted. |
| 6. | The Clerk of Court be directed to administratively close these garnishment actions. |

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 28 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: December 28, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE